MARGARET VAIL, complainant-respondent,

*v.*

WILLIAM J. VAIL, defendant-appellant.

[Argued May 29th, 1941.   Decided October 30th, 1941.]

*Messrs. Child, Riker, Marsh & Shipman,* for the defendant-appellant.

*Messrs. Clancy & Murphy,* for the complainant-respondent.

The opinion of the court was delivered by

THOMPSON, J.

The complainant filed her bill for separate maintenance against her husband, alleging a constructive abandonment on his part by reason of extreme cruelty inflicted upon her over a course of years which culminated in the serious impairment of her health; that he refused and neglected to provide for her; and that "the course of treatment which the defendant has practiced will seriously endanger her health and life." The advisory master found that she had proved her right to

the relief sought and a decree was accordingly entered which provided also that the husband should pay her $125 per month for support and maintenance. The husband appeals from both the decree for separate maintenance and from the amount of the award for support.

The couple have two children, both of age, a daughter teaching school and a son practicing law, both of whom were living in the household with the parents. Both testified in support of the mother at the hearing.

The unhappy relations between the wife and husband seem to have extended over a period of years. The husband's chief complaint appears to be that his wife was unduly interested and engaged in outside activities which caused her to absent herself too frequently from her home and him, resulting in a lack of interest in or affection for him and her refusal of marital relations. The testimony shows that the activities of the wife, to which her husband objected, consisted of membership in or association with various organizations of a civic, social, charitable or political nature, all of them of a respectable character and such as commonly enlist the interest of many women of the present day. By his own testimony she was popular in her community and evidently enjoyed these activities. She denies that she devoted an excessive amount of time to them and that they were carried on at the expense of her domestic duties. She testified that for some of them she was financially remunerated and that what she was paid went into the home. The husband resented this condition of affairs and claims to have besought his wife to forego her outside interests, or at least to curtail them. Difference of temperament probably aggravated the situation and acrimony increased. It is not suggested here that the aggrieved husband was not within his rights in seeking the direction of more of his spouse's attention toward himself and less toward the extraneous contacts, assuming that there was an unreasonable diversion of attention on her part. But our reading of the record convinces us that the husband pursued a course of conduct toward his wife entirely unjustified by anything she had done that may have displeased him. In anger, ill temper, jealousy and scorn, he recklessly flung his wife's good name

to the winds, spoke disparagingly in public of her moral character and chastity, questioned in the presence of their children her fidelity, and used vile and indecent terms to describe what in his opinion was her deviation from virtue. Though he denies using some of the language attributed to him in the testimony he admits sufficient to verify the nature of his accusations against his wife's character and habits and to indicate that he intended to convey the idea that she had illicit relations with other men. It is not implausible that such conduct should humiliate and cause extreme nervous disturbance to the wife and otherwise injure her health. The testimony is that it did so.

The advisory master heard the testimony, saw the witnesses and had the opportunity for immediate impression as to veracity and credibility. We believe the proof justified his conclusion that the complainant was entitled to a decree for separate maintenance and we are satisfied there was no abuse of discretion in so finding.

We do not think the award for maintenance under the conditions recited in the decree, and in view of the testimony as to defendant's income and resources, is excessive.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, PERSKIE, COLIE, DEAR, HAGUE, THOMPSON, JJ. 9.

*For reversal*—HEHER, PORTER, WELLS, WOLFSKEIL, JJ. 4.